UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

BRANDON CHRISTOPHER WILLIAMS,

                        Plaintiff,                  COMPLAINT
                                                            11 CV 3774 (RJH)(AJP)
        - against -

STERLING INFOSYSTEMS, INC.,

                        Defendant.              Jury Trial Demanded

------------------------------------------------------------------x

       Plaintiff, Brandon C. Williams, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

Preliminary Statement

       1.     This action under the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq., and New York State Fair Credit Reporting Act, G.B.L. §380, et seq., arises from defendant Sterling Infosystems' failure to follow reasonable procedures to assure maximum possible accuracy when it prepared a January 2011 report regarding plaintiff.  The report, published to plaintiff's prospective employer, falsely stated that plaintiff had committed various criminal offenses.

Jurisdiction and Venue

       2.     Jurisdiction is conferred by 15 U.S.C. §1681(p).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) .  Venue  is proper under 28 U.S.C. §1391(b).

### Parties

3.     Plaintiff, Brandon C. Williams, is a natural person residing in the State of New York and a "consumer" as defined by 15 U.S.C. §1681a(c).

4.     Defendant Sterling Infosystems, Inc. is a Delaware corporation duly authorized and qualified to do business in New York State and with its principal place of business at 249 West 17th Street, New York, New York.

5.     Defendant Sterling Infosystems, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

### Facts Supporting Plaintiff's Claim for Relief

6.     In or around January 11, 2011, defendant Sterling Infosystems was hired by the Riverbay Corporation (Co-op City) to conduct a criminal background check of plaintiff.

7.     Plaintiff is twenty-six years of age, a 2009 graduate of Hunter College and currently living at home with family in the Bronx.  He has never been arrested and has no criminal record.

8.     Plaintiff applied in writing in or about September 2010 for employment as a Public Safety Officer with the Riverbay Corporation's Department of Public Safety.

9.     Mr. Williams was interviewed by Riverbay in September 2011.  In approximately November 2010, Mr. Williams underwent physical and psychiatric examinations and took a physical fitness test.  He was found qualified for the position.

10.    Plaintiff was told by Riverbay Corporation that the job was his, subject to a background check.

11. On January 4, 2011, Riverbay wrote Mr. Williams advising him that the job was his.

12. The January 4, 2011 letter advised Mr. Williams to appear for orientation and training beginning on January 18, 2011 at 8:00 a.m.

13. On or about January 11, 2011, Riverbay Corporation hired defendant to perform a criminal background check.

14. On or about January 12, 2011, defendant provided Riverbay with a report falsely stating that Mr. Williams was associated with five separate criminal matters in Suffolk County, to wit,

> 1. Docket 2006SU033455S (Aggravated Unlicensed Operation 3rd Degree, Equipment Violations, and Operating a Motor Vehicle with Inadequate Emergency/Hand Brakes, date not provided, no disposition of charges reported as of October 1, 2010)
> 2. Docket 2006SU035477S (Aggravated Unlicensed Operation 3rd Degree, date not provided, no disposition of charges reported as of October 1, 2010)
> 3. Docket 2006SU045009 (5th Degree Criminal Possession of Marijuana, 3rd Degree Aggravated Unlicensed Operator Motor Vehicle, Failure to Stop, Illegal Signal, and Operating Motor Vehicle Under Influence Drug or Alcohol for an incident on August 21, 2006, no disposition of charges reported as of October 1, 2010)
> 4. Docket 2006SU026603 (5th Degree Criminal Possession of Marijuana, Aggravated Unlicensed Operation 3rd Degree and Operating a Motor Vehicle Using Mobile Phone for an incident on May 3, 2006, no disposition of charges reported as of October 1, 2010)
> 5. Docket 00906A-2004 (3rd Degree Attempted Criminal Possession of a Weapon, 3rd Degree Criminal Possession of a Weapon, and 2nd Degree Reckless Endangerment-Hate Crime for an incident on April 5, 2004, disposed of by a guilty plea on November 4, 2004 with, among other things, one year imprisonment)

15. Plaintiff has not been arrested for any reason or for any charges, has not been convicted of any crimes and has not been imprisoned for any conviction.

16. On or about January 13, 2011, Mr. Williams was telephoned by Riverbay about the job and met later that day with Rosalyn Pierce of Riverbay's Humans Resources unit, Chief Frank Apollo of the Co-op City Department of Public Safety, and others.

17. Plaintiff learned from them of defendant Sterling Infosystem's report falsely reporting the five Suffolk County criminal matters.

18. Plaintiff truthfully reported to Ms. Pierce, Chief Apollo and the others that defendant's report was false.

19. Plaintiff spoke by telephone that day, January 13, 2011, with a representative of defendant named Veronika. He told her that time was of the essence because of the January 18, 2011 start date with Riverbay and that the false report had to be straightened out immediately.

20. On or about January 21, 2011, defendant corrected its report and confirmed plaintiff's truthful claim that the original report did not refer to him.

21. January 18, however, had come and gone and training of the class of incoming armed Public Safety Officers of which plaintiff was to be a part had already begun.

22. Plaintiff was and is fully qualified for the job.

23. Because of defendant's acts and omissions, Brandon C. Williams was denied a position working for Riverbay Corporation which would have paid him an annual compensation of approximately thirty-five thousand dollars plus benefits.

24. Mr. Williams continued to look for employment without success. He thereafter received a job offer from Riverbay Corporation's Department of Public Safety and began working on or about March 31, 2011 as a Dispatcher rather than

as a Public Safety Officer. The Dispatcher position pays several thousand dollars less annually than the Public Safety Officer position.

### Claim for Relief

25.     Plaintiff repeats and realleges the allegations set forth above as if fully set out herein.

26.     Sterling Infosystems prepared, compiled, issued, assembled, transferred, published to third parties and otherwise reproduced consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. §1681a(d) and G.B.L. §380-a(c).

27.     Such reports contained the erroneous information described in paragraph 14. Sterling Infosystems knew or should have known that its report contained erroneous information.

28.     Sterling Infosystems violated 15 U.S.C. §1681e(b) and G.B.L. §380-j(e) by failing to establish, maintain or follow reasonable procedures to assure maximum possible accuracy in the preparation of the report and files it published and maintained concerning the plaintiff.

29.     Sterling Infosystems' conduct, action and inaction caused plaintiff to suffer damage by loss of employment opportunity and income, opportunity to establish and benefit from credit, and mental and emotional pain and anguish.

30.     Sterling Infosystems' conduct, action and inaction renders it liable to Brandon Williams for damages in an amount to be determined by the trier of fact and for costs and attorney's fees pursuant to 15 U.S.C. §1681n and/or §1681o as well as G.B.L. §380-l and/or §380-m.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Compensatory and punitive damages in an amount to be fixed at trial;

(B) An award to plaintiff of the costs and disbursements herein;

(C) An award of attorney's fees under 15 U.S.C. §1681n(c) and/or §1681o(b)

(D) Such other and further relief as this Court may deem just and proper.

Dated:   June 2, 2011
         Brooklyn, New York

_____
Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117